IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GABRIEL DESMOND YANKEY, JR., )
)
Plaintiff, )
v. ) Case No. 22-1048-TC-TJJ
)
KANSAS HIGHWAY PATROL, et al., )
)
Defendants. )

### REPORT AND RECOMMENDATION

Plaintiff Gabriel Desmond Yankey Jr., proceeding pro se, has filed this civil action (among eight other cases in this District). All nine actions were filed during the month of February 2022, and all other eight actions have been dismissed.

In conjunction with the filing of his civil complaint, Plaintiff filed a Motion to Proceed Without Prepayment of Fees (ECF No. 3) under the *in forma pauperis* statute, 28 U.S.C. § 1915(a)(1). The Court granted that motion, but ordered that service of the summons and complaint be withheld pending review of whether Plaintiff's complaint states a claim upon which relief may be granted.

The *in forma pauperis* statute requires that the court dismiss the case at any time if the court determines that the action (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief from a defendant who is immune from suit.[1] The purpose of § 1915(e) is to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under

---

[1] 28 U.S.C. § 1915(e)(2)(B).

Federal Rule of Civil Procedure 11."[2]

In determining whether dismissal is appropriate under § 1915(e)(2)(B), a plaintiff's complaint is analyzed by the court under the same sufficiency standard as a Rule 12(b)(6) motion to dismiss.[3] Dismissal of a pro se complaint for failure to state a claim is proper only "where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[4] In determining whether dismissal is proper, the court "must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff."[5]

In making this analysis, the court must liberally construe the pleadings and hold them to a less stringent standard than formal pleadings drafted by attorneys.[6] Liberally construing a pro se plaintiff's complaint means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."[7] This does not mean, however, that the court must become an advocate for the pro se plaintiff.[8] *Sua sponte* dismissal under § 1915(e)(2) is also proper when the complaint clearly appears frivolous or malicious on its face.[9]

Plaintiff's Complaint is wholly devoid of sufficient factual allegations supporting his

---

[2] *Trujillo v. Williams*, 465 F.3d 1210, 1216 (10th Cir. 2006) (citation and internal quotation marks omitted).
[3] *Kay v. Bemis*, 500 F.3d 1214, 1217–18 (10th Cir. 2007).
[4] *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002) (citation and internal quotation marks omitted).
[5] *Id.* (citation omitted).
[6] *Johnson v. Johnson*, 466 F.3d 1213, 1214 (10th Cir. 2006) (citation omitted).
[7] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).
[8] *Lyons v. Kyner*, 367 F. App'x 878, 881 (10th Cir. 2010).

claims or connecting them to the statutes he cites and Defendants he sues. Plaintiff lists several federal statutes, including employment discrimination statutes (42 U.S.C. § 2000e *et seq.*), criminal statutes (18 U.S.C. §§ 241, 242); statutes relating to federally-funded programs (34 U.S.C. § 10228 and 42 U.S.C. § 2000d); statutes without a private right of action (34 U.S.C. § 12601 and 42 U.S.C. § 14141(a)); and statutes relating to claims against the United States government (31 U.S.C. §§ 3721–3733). The Court cannot ascertain how any of these statutes pertain to Defendants in this case or Plaintiff's claims against them. Plaintiff names as Defendants: (1) Kansas Highway Patrol; (2) L. Erives, officer, Kansas Highway Patrol; (3) Wichita Municipal Court; (4) Broch Dewalt; (5) Lindsay Battisti; (6) Kurel Hayes; (7) the Municipal Court of Goddard; (8) Derby Police Department; (9) John Colver; (10) Kansas District Court; (11) Tenth Circuit Court; (12) K.M. Dykstra; and (13) Eastborough Police Department. Despite the large number of Defendants, Plaintiff's factual allegations are relatively short:

> Around fall 2019 Derby PD denied me equal rights of a US citizen when I reported my jewelry stolen, AND had proof of the theft, the DPD failed to take ANY action. The jewelry was stolen from me by Broch Dewalt and Lindsay Battisti at her apt. I have correspondence of their texts and [unintelligible] as evidence of the crime and possession.[10]

Based on these allegations, Plaintiff seeks $300 million and "two highly secured opulent private homes."[11]

There are several problems with Plaintiff's allegations. First, they only mention three Defendants specifically (Derby Police Department, Broch Dewalt, and Lindsay Battisti). No one

---

[9] *Hall*, 935 F.2d at 1108.

[10] ECF No. 1 at 3.

else has any notice of Plaintiff's claims against them.[12] Even for the three Defendants listed, Plaintiff's allegations are conclusory and fail to state any claim under the federal statutes Plaintiff has identified.[13] In federal court, a complaint must contain sufficient facts that, if assumed true, state a facially-plausible claim[14]—something that Plaintiff's threadbare allegations do not accomplish.

In addition, Plaintiff cites employment statutes, but Plaintiff has not alleged that he was ever an employee or prospective employee of any Defendant. Plaintiff cites criminal statutes, but as a private citizen, Plaintiff cannot bring a criminal case.[15] Likewise, 42 U.S.C. § 14141 and 34

---

[11] *Id.* at 4.

[12] *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center,* 492 F.3d 1158, 1163 (10th Cir. 2007) (summarizing the requirements for a plaintiff to state a claim in federal court as the following: "a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated").

[13] *See Robbins v. Oklahoma*, 519 F.3d 1242, 1247–50 (10th Cir. 2008) (stating that a complaint must allege facts that "raise a right to relief above the speculative level," must suffice to "nudge[ ] [the] claims across the line from conceivable to plausible," and must "make clear exactly *who* is alleged to have done *what* to *whom*" (citation and internal quotation marks omitted)); *Hall*, 935 F.2d at 1110 (explaining "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can based" and specifying that a plaintiff must provide adequate facts for the court to "determine whether he makes out a claim").

[14] *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complainant must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[15] *Noel v. Elliot*, No. 12-3116-SAC, 2012 WL 2120761, at *1 (D. Kan. June 12, 2012) ("As a private citizen, plaintiff simply has no authority to prosecute criminal charges.") (citing *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007); *Mamer v. Collie Club of Am., Inc.*, 229 F.3d 1164, at *2 (10th Cir. 2000)).

U.S.C. § 12601 do not afford a private right of action.[16] Plaintiff *may* have a private right of action in certain circumstances under 34 U.S.C. § 10228(c), which prohibits discrimination "in connection with any programs or activity funded in whole or in part with funds made available under this chapter," but only "after exhaustion of administrative remedies by the person aggrieved." Plaintiff marked "yes" that he has presented his claims through an Administrative Procedure, but also stated that they are "pending."[17] Moreover, Plaintiff fails to allege the Defendants discriminated against him in connection with a federally-funded program or activity under this statute.[18] Finally, as noted *supra*, 31 U.S.C. §§ 3721–3733 relates to suits against the United States government. Although Plaintiff purports to sue the "Tenth Circuit Court" (possibly the Tenth Circuit Court of Appeals), he has provided no factual basis for this claim.

Plaintiff's allegations are insufficient. They are factually bare and do not align with any statute listed as Plaintiff's grounds for jurisdiction.[19] Without supporting facts, it is impossible for this Court to determine that Plaintiff has a plausible claim against any Defendant.[20]

Accordingly, the undersigned U.S. Magistrate Judge recommends that Plaintiff's complaint and this case be **DISMISSED** for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)–(ii).

---

[16] *Tucker v. United States Ct. of Appeals for Tenth Cir.*, 815 F. App'x 292, 294 (10th Cir. 2020). Moreover, 42 U.S.C. § 14141 was transferred to 34 U.S.C. § 12601 in 2017.

[17] ECF No. 1 at 5.

[18] This same rationale renders Plaintiff's claim under 42 U.S.C. § 2000d futile.

[19] Plaintiff also alleges that the Court has jurisdiction under the United States Constitution (without specifying any part of the Constitution) and under 28 U.S.C. § 1343. Again, however, Plaintiff does not connect any of his factual allegations to this source of jurisdiction—other than making the conclusory and insufficient allegation that the Derby Police Department "denied [him] equal rights of a US citizen." (ECF No. 1 at 3.)

[20] *See Iqbal,* 556 U.S. at 678.

## NOTICE OF RIGHT TO FILE OBJECTIONS

Plaintiff is hereby informed that, within 14 days after being served with a copy of this Report and Recommendation, he may, pursuant to 28 U.S.C. § 636(b)(1) and Fed R. Civ. P. 72, file written objections to the Report and Recommendation. Plaintiff must file any objections within the 14-day period allowed if he wants to have appellate review of the recommended disposition. If Plaintiff does not timely file objections, no court will allow appellate review.

A copy of this Report and Recommendation shall be mailed to Plaintiff.

IT IS SO ORDERED.

Dated May 19, 2022, at Kansas City, Kansas.

Teresa J. James
U.S. Magistrate Judge